Electronically Submitt
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

## CAUSE NO. _____

| | | |
|---|---|---|
| RAMIRO TORRES VARGAS,<br>Plaintiff, | §<br>§<br>§ | IN THE COUNTY COURT |
| v. | §<br>§ | AT LAW NO._____ |
| WAL-MART ASSOCIATES, INC., | §<br>§ | |
| Defendant. | §<br>§ | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUEST FOR DISCLOSURE, INTERROGATORIES, AND REQUEST FOR PRODUCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff, RAMIRO TORRES VARGAS, complaining of Defendant, WAL-MART ASSOCIATES, INC. (Collectively "Defendant") and for cause of action will respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3 as set forth in Texas Rules of Civil Procedure 190.4.

### II.
### PARTIES AND SERVICE

2.    Plaintiff, RAMIRO TORRES VARGAS, is an Individual and Texas resident who resides in Hidalgo County, Texas, and he may be served with any documents in this lawsuit by serving his attorneys of record named below.

3.    Defendant, WAL-MART ASSOCIATES, INC. is a foreign for-profit corporation authorized to do business in the state of Texas, and it may be served with process through its registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

### III.
### JURISDICTION AND VENUE

1

Electronically Submitt
11/3/2020 11:20 ⁄
Hidalgo County Cl₍
Accepted by: Oscar Gonzal

CL-20-4037-H

4.      The subject matter in controversy is within the jurisdictional limit of this court.

5.      Venue in Hidalgo County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this claim occurred in Hidalgo County.

## IV.
## FACTS

6.      The subject matter of this suit is a slip and fall incident that occurred in or on the Defendant's premises located at 1421 Frontage Rd., Alamo, Texas 78516. On or about July 28, 2020, Plaintiff, RAMIRO TORRES VARGAS, slipped on a slippery substance on the floor and fell. There were no warning signs posted in the area to warn patrons of this dangerous condition. The Defendants were responsible for providing a safe area for the Plaintiff, an invitee at the time of the fall.

7.      Defendants and its employees were aware, or reasonably should have been aware, that this unreasonably dangerous condition existed, yet made no efforts to reduce or eliminate the unreasonably dangerous condition, nor did they warn Plaintiff about the dangerous condition, As a result of the fall, Plaintiff sustained serious and permanent personal injuries.

## V.
## NEGLIGENCE OF WAL-MART ASSOCIATES, INC.

8.      Plaintiff alleges that upon the occasion in question, Defendants failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

A. Failure to keep the premises reasonably safe for their customers;

B. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions;

C. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions on areas known to regularly contain potential unreasonable dangers;

2

Electronically Submit
11/3/2020 11:20 ,
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

D. Failure to ensure that their employees reduce or eliminate any unreasonably dangerous conditions;

E. Failure to maintain policies for inspecting the premises for unreasonably dangerous conditions;

F. Failure to enforce policies for inspecting the premise for unreasonably dangerous conditions;

G. Permitting a dangerous condition, of which Defendants should have reasonably been aware, to exist for an unreasonable period of time;

H. Failure to provide adequate warning to Plaintiff of all unreasonably dangerous conditions of which the Defendants had actual or constructive knowledge;

I. Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

J. Failure to adequately train its employees in locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

K. Failure to adequately supervise their employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

L. Failure to terminate employees incapable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions.

9. Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## VI.
## RESPONDEAT SUPERIOR

10. At all relevant times herein, all of the agents, servants, or employees of Defendants who are in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, the acts or omissions of those agents, servants, or employees are

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

attributable to Defendant and renders Defendant liable for all damages suffered by Plaintiff under the doctrine of *respondeat superior.*

## VII.
## NEGLIGENCE OF DEFENDANT'S EMPLOYEES

11.   Plaintiff alleges that upon the occasion in question, the Defendants' employees failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

    A.   Failure to keep the premises reasonably safe for its customers;

    B.   Failure to eliminate any unreasonably dangerous conditions; and

    C.   Failure to give adequate warning to Plaintiff of all unreasonably dangerous conditions of which the employees had actual or constructive knowledge.

12.   Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by the Plaintiff.

## VIII.
## COMPENSATORY DAMAGES

13.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and incurred the following damages:

    A.   Reasonable medical care and expenses in the past;

    B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.   Physical pain and suffering in the past;

    D.   Physical pain and suffering in the future;

    E.   Physical impairment in the past;

    F.   Physical impairment which, in all reasonable probability, will be suffered in the future;

    G.   Loss of earnings in the past;

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

CL-20-4037-H

> H.    Loss of earning capacity which will in all probability, be incurred in the future;
>
> I.    Mental anguish in the past;
>
> J.    Mental anguish in the future; and
>
> K.    Cost of medical monitoring and prevention in the future.

14.    Plaintiff has suffered losses and damages in a sum within the Court's jurisdictional limit, and for which this lawsuit is brought.

## IX.
## DISCOVERY REQUESTS TO DEFENDANTS

15.    Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose within fifty (50) days of service of this request, the information described in Rule 194.2 (a)-(l).

16.    Plaintiffs propound discovery to Defendant, **WAL-MART ASSOCIATES, INC.**, as follows: Interrogatories to Defendant **WAL-MART ASSOCIATES, INC.** (See Exhibit "A"); Requests for Production to Defendant **WAL-MART ASSOCIATES, INC.** (See Exhibit "B"); and Request for Admissions to Defendant **WAL-MART ASSOCIATES, INC.** (See Exhibit "C").

17.    Defendant's answers or responses to Plaintiffs' Interrogatories, Requests for Production and Request for Admissions are due within fifty (50) days of service of process. The answers or responses to the discovery requests shall be made at the Zambrano Law Firm, 201 S. Shary Rd. Suite 600. Mission, Texas 78572.

## X.
## DEMAND FOR JURY TRIAL

18.    Plaintiff demands a jury trial in this above styled and numbered cause.

## XI.
## PRAYER

Electronically Submitt
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

CL-20-4037-H

**PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limit of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**ZAMBRANO LAW FIRM**

_____
**JESUS A. ZAMBRANO**
State Bar No. 24044947
**ABIEL FLORES**
State Bar No. 24049129
**Edgar Garcia**
State Bar No. 24096508
201 S. Shary Rd., Suite 600
Mission, Texas 78572
(956) 581-0440 voice
(956) 598-5502 facsimile
ATTORNEYS FOR PLAINTIFF

6

Electronically Submitt
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

## EXHIBIT "A"

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT WAL-MART ASSOCIATES, INC.

This discovery request is continuing in nature. If you obtain information upon the basis of which you know that the response was incorrect or incomplete when made or is no longer true and complete, you must supplement your response in accordance with Tex. R. Civ. P. 193.

### DEFINITIONS

The following definitions are applicable to each of the following items unless specifically negated by the context:

1. "WAL-MART ASSOCIATES, INC.", "you," or "your" shall refer to Defendant WAL-MART ASSOCIATES, INC..

2. "Plaintiff" shall refer to Plaintiff RAMIRO TORRES VARGAS.

3. "Premises" or "Premises in Question" means and refers to property located 1421 Frontage Rd., Alamo, Texas 78516.

4. "Incident" or "Incident in Question" means and refers to the incident referred in Plaintiff's Original Petition.

5. "Condition" means and refers to the substance on the floor on which the Plaintiff fell.

6. "Identify," "identity" or "identification" means:

(a) for a natural person: that person's full name, title, job description and present business and home address (last known if present address is unknown) and telephone number. If changes in title or job description have occurred during the time period covered by this discovery request, all titles and job descriptions should be given together with the period during which each one was held;

(b) for an entity: its full name, date and place of formation, principal place of business, business address, business telephone number, and its registered agent for service of process;

(c) for a meeting, communication, or discussion: the identification of all parties to the meeting, communication or discussion; the time, place, and date of the meeting, communication, or discussion; the medium (by writing, telephone, video, etc.) of the meeting, communication, or discussion, in identification of any documents reflecting the meeting, communication or discussion; and

(d) for a document: the title, type of document, date, author, addresses, recipients, substance of its contents, present location, and custodian of each document. In lieu of providing such answers, you may include in your response a copy of the document(s). For each

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

document that has been destroyed or otherwise disposed of, identify each person who destroyed or otherwise disposed of the document and each person who directed or participated in its destruction or disposal.

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

CL-20-4037-H

## INTERROGATORIES TO WAL-MART ASSOCIATES, INC.

1. Please state the full name, address, job title and employer of each person answering and assisting in answering these Interrogatories.

   **ANSWER:**

2. State the name and address of the person or entity who owned, was in possession or exclusive possession and/or control of the premises where the incident in question occurred at the time of the incident.

   **ANSWER:**

3. If you, or anyone acting on your behalf, know of any oral, written or recorded admission of any type by the Plaintiff pertaining to this suit, please identify the nature of each admission, the content of each admission, whether it was oral, written or recorded, the circumstances under which each was made, the name, address and telephone number of each person who was present when each was made, the date and location of each admission, and who has possession of each written or recorded admission.

   **ANSWER:**

4. Please state the contents of any settlement, contribution, or indemnity agreement made with any other person or entity as a result of the incident made the basis of this suit, including the names of the parties involved and the details of each agreement, including the amount.

   **ANSWER:**

5. Prior to the present case, please state the name and address of each person who has in the last ten (10) years sued you or has ever written or caused another to write any letter threatening to sue you for incidents or events which occurred in substantially the same way as the Plaintiff's incident. With respect to prior lawsuits or threats of a lawsuit, specify the following:

   a. The nature of the lawsuit or threatened lawsuit;
   b. The name of any attorney who represented you and any other person in the lawsuit(s);
   c. The name of any and all experts hired;
   d. The name of any and all employees, past or present, who have given a deposition, including the date(s) of deposition;
   e. The final disposition of each suit or threatened suit; and
   f. State the style, cause number, and court of each suit filed.

   **ANSWER:**

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

6. Please describe in detail any previous and/or subsequent incidents of which Defendant is aware which occurred in substantially the same way as the Plaintiff's incident or in the same or nearby location.

   **ANSWER:**

7. Please describe in detail any changes made by the Defendant, employees, or agents, in the physical site of the incident before and after the occurrence in question. If the Defendant corrected, repaired or fixed the area in question in anyway or condition, please state what the cost of repair was, the date the repairs were done, and the name, address and telephone number of the person or firm carrying out such repair work.

   **ANSWER:**

8. Please describe in detail any changes made by the Defendant, employees, or agents, in the physical site of the incident before and after the occurrence in question. If the Defendant corrected, repaired or fixed any equipment in the area in question in any way or condition, please state the specific piece of equipment that was repaired, the cost, the date the repairs were done, and the name, address and telephone number of the person or firm carrying out such repairs.

   **ANSWER:**

9. If Defendant, Defendant's corporate representative, employee or agent has given a statement to anyone other than Defendant's attorney with respect to the occurrence in question, please state the name, address and telephone number of the person to whom such statement was given, the date on which the statement was given, the substance of such statement and whether such statement was a written or an oral statement.

   **ANSWER:**

10. Was it a regular course of business of the Defendant to conduct a post-incident investigation into an incident of this sort or to complete an incident report, whether or not litigation was anticipated? If so, state whether an investigation was conducted, the date(s), full description of the investigation(s), who conducted the investigation(s) or completed the incident report, the findings and conclusions of the investigation(s), and where such investigative or incident reports are now located. If you are claiming privilege as to any investigation based on its allegedly being done in anticipation of litigation, describe specifically what you are relying on to establish that you had reason to believe that litigation would ensure, including what overt acts or statements were made by Plaintiff or someone acting on behalf of the Plaintiff.

    **ANSWER:**

11. Do you contend that the Plaintiff has done anything or failed to do anything that constitutes a failure to mitigate damages?  If so, please describe the basis of your contention and what evidence exists to support same.

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

**ANSWER:**

12. If you have alleged that someone else's conduct or some other condition, disease, injury or event was the "sole proximate cause" of the incident in question, describe in detail the identity of such other person, event or condition, be it pre-existing or subsequent disease or injury.

**ANSWER:**

13. State the name, address, and telephone number of all persons who were responsible for managing the premises on July 28, 2020.

**ANSWER:**

14. Please state the name, address and telephone number of each employee and/or agent on duty at the time of the incident made the basis of this lawsuit.

**ANSWER:**

15. Please identify all employees by name and job title who were working at the premises on July 28, 2020. Please include whether said employees are currently employed by Defendant.

**ANSWER:**

16. What is Defendant's contention as to Plaintiff's legal status on the premises at the time of the occurrence in question, that is whether Plaintiff was a business invitee, licensee or trespasser? If you contend that Plaintiffs were not a business invitee at the time of the occurrence in question, please state and describe each fact, document or thing or which you base your contention.

**ANSWER:**

17. Please state whether the Defendant was aware of the condition and what efforts Defendant made to warn of the condition which the Plaintiff alleges to be cause of the occurrence in question.

**ANSWER:**

18. What is Defendant's contention as to Plaintiff's knowledge prior to the Incident in Question, objective or subjective, of the condition of which Plaintiff alleges to be occurrence in question.

**ANSWER:**

19. If the Defendant was not the owner of the premises at the time of the Incident in Question, please state:

Electronically Submit
11/3/2020 11:20 ,
Hidalgo County Cl
Accepted by: Oscar Gonzal

CL-20-4037-H

    a.  the nature of Defendant's relationship with the owner of the premises where the incident in question occurred;

    b.  the correct names and address of the owners of the premises in question as of July 28, 2020;

    c.  the correct names and addressed of the owners of the premises in question for the preceding five (5) years; and

    d.  the complete names of all management companies for the premises for the last five (5) years.

**ANSWER:**

20. Please identify all devices at the premises in question available to be used to warn people of the conditions such as the condition made the basis of this lawsuit, where such devices were stored, who had access to such devices, and which were used to warn Plaintiff of the condition at the premises in question on July 28, 2020. If no such devices were used to warn Plaintiff, then please state why such devices were not used.

**ANSWER:**

21. Explain the Defendant's knowledge or lack of knowledge of the condition made the basis of this cause of action. If the Defendant claims it had no prior knowledge of the condition, please explain the efforts Defendant took to inspect the property and how the existence of the condition eluded the Defendant.

**ANSWER:**

22. Do you believe that the condition made the basis of this cause of action constitutes an unreasonably dangerous condition? Why or why not?

**ANSWER:**

Electronically Submitt
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

## EXHIBIT "B"

## PLAINTIFF'S REQUEST FOR PRODUCTION TO WAL-MART ASSOCIATES, INC.

This discovery request is continuing in nature. If other documents come into your possession or are brought to your attention during trial preparation or trial, or if you obtain information upon the basis of which you know that the response was incorrect or incomplete when made or is no longer true and complete, you must supplement your response in accordance with Tex. R. Civ. P. 193.

### DEFINITIONS

The following definitions are applicable to each of the following items unless specifically negated by the context:

1.  "WAL-MART ASSOCIATES, INC.", "Defendant", "you", or "your" shall refer to Defendant WAL-MART ASSOCIATES, INC..

2.  "Plaintiff" shall refer to Plaintiff RAMIRO TORRES VARGAS.

3.  "Premises" or "Premises in Question" means and refers to the property located at 1421 Frontage Rd., Alamo, Texas 78516.

4.  "Incident" or "Incident in Question" means and refers to the incident referred in Plaintiff's Original Petition.

5.  "Condition" means and refers to the substance on the floor on which the Plaintiff fell.

6.  "Document" and "documents" are defined in their broadest sense and include any medium that information is recorded or preserved in the possession, custody, or control of any of the named parties, by whomever generated or received, including, without limitation: writings; printings; drawings; graphs; charts; any notes; memoranda of meetings; events; or conversations; witness statements; type writings; photographs; slides; motion pictures; videotapes; or cassettes; phonograph records; tapes or other mechanical recordings; voice recordings of any kind; photographs; computer records; information storage devices; disks; or printouts; brochures; pamphlets; maps; surveys; contracts; interoffice communications; telephone recordings; ledgers; books; statements of account; journals; notices; letters; catalogs; canceled checks; bank statements; invoices; bills; bills of lading; diaries; calendars; purchase orders; telegrams; telexes or "TWX's"; telecopies; drafts or preliminary versions of the foregoing; and any other instrument, writing, recording, or data compilation of any nature, including any carbon, photographic, microfilm, or other type of copy of such items, whether or not such copy is different from the original by reason of any markings, additions, commentaries, revisions, deletions, or substitutions.

7.  "Identify," "identity" or "identification" means:

Electronically Submit
11/3/2020 11:20 ,
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

(a) for a natural person: that person's full name, title, job description and present business and home address (last known if present address is unknown) and telephone number. If changes in title or job description have occurred during the time period covered by this discovery request, all titles and job descriptions should be given together with the period during which each one was held;

(b) for an entity: its full name, date and place of formation, principal place of business, business address, business telephone number, and its registered agent for service of process;

(c) for a meeting, communication, or discussion: the identification of all parties to the meeting, communication or discussion; the time, place, and date of the meeting, communication, or discussion; the medium (by writing, telephone, video, etc.) of the meeting, communication, or discussion, in identification of any documents reflecting the meeting, communication or discussion; and

(d) for a document: the title, type of document, date, author, addresses, recipients, substance of its contents, present location, and custodian of each document. In lieu of providing such answers, you may include in your response a copy of the document(s). For each document that has been destroyed or otherwise disposed of, identify each person who destroyed or otherwise disposed of the document and each person who directed or participated in its destruction or disposal.

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

**REQUEST FOR PRODUCTION TO DEFENDANT WAL-MART ASSOCIATES, INC.**

1. Any and all photographs or other electronic images that contain images of the underlying facts or that Defendant intends to offer into evidence at trial.

   **RESPONSE:**

2. Any and all photographs, movies, videotapes or other visual reproductions that Defendant has of the parties, persons with knowledge of relevant facts, the facilities, mechanisms or items involved, or scene of the Incident in Question.

   **RESPONSE:**

3. All documents or tangible things prepared by, prepared for, or relied upon, by any expert whom Defendant expects to call as a witness, including but not limited to, his/her report, curriculum vitae, factual observations, learned treatises, publications, studies, opinions, conclusions, photographs, field notes, calculations, models and exhibits. If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to Plaintiff's attorney.

   **RESPONSE:**

4. All documents or tangible things prepared by, prepared for, or relied upon, by any expert whose work product, opinions, or mental impressions have been, or will be, reviewed or relied upon, in whole or in part, by a testifying expert. This would include, but not be limited to, his/her report, curriculum vitae, factual observations, learned treatises, publications, studies, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

   **RESPONSE:**

5. All documents or tangible things prepared by, prepared for, or relied upon, by any expert who has obtained knowledge about the case in some way other than consulting with Defendant's attorney. This would include, but not be limited to, his/her report, curriculum vitae, factual observations, learned treatises, publications, studies, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

   **RESPONSE:**

6. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, any engineering field, and any other area of scientific study that you claim to be a reliable authority which may be used by you at trial.

   **RESPONSE:**

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

7. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, any engineering field, and any other area of scientific study that any testifying expert claims to be a reliable authority which may be used by you at trial.

**RESPONSE:**

8. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, any engineering field, and any other area of scientific study that any testifying expert has relied, or will rely, upon to support their opinions and mental impressions.

**RESPONSE:**

9. All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

**RESPONSE:**

10. All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts have relied, or will rely, upon to support their opinions and mental impressions.

**RESPONSE:**

11. All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts claim to be reliable authority which may be used at the time of trial.

**RESPONSE:**

12. A copy of any contract of employment that would govern Defendant's relationship with any other entity or bear on the issue of "course and scope of employment."

**RESPONSE:**

13. Copies of any and all statements made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof.

**RESPONSE:**

14. Any written, taped or mechanically reproduced statement made of any Defendant or Plaintiff.

**RESPONSE:**

Electronically Submitt
11/3/2020 11:20
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

15. Any and all statements made by the Defendant regarding the Incident in Question to their insurance company, their employees, agents, independent contractors, adjusters, or representatives, not including statements made to Defendant's attorney.

   **RESPONSE:**

16. Any and all drawings, surveys, plats, maps or sketches of the scene of the Incident in Question.

   **RESPONSE:**

17. Any document, photographs, or other physical evidence that will be used or offered at trial.

   **RESPONSE:**

18. All documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action.

   **RESPONSE:**

19. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers in the ordinary course of business.

   **RESPONSE:**

20. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers before the Plaintiff, or Plaintiff's attorney, outwardly manifested an intent to pursue a claim against Defendant.

   **RESPONSE:**

21. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers before the Plaintiff filed his/her Original Petition with the court.

   **RESPONSE:**

22. Please produce any and all correspondence, communications, letters, notes of oral conversations, and all other documents or writings sent to or received from or exchanged by and between you and your insurance carrier concerning the subject matter of this lawsuit.

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

**RESPONSE:**

23. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the Incident in Question including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

**RESPONSE:**

24. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which may provide coverage to satisfy all or part of any judgment which may be rendered in this litigation including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

**RESPONSE:**

25. Any documents, reports, photographs, or other written records pertaining to any investigation of the Incident in Question.

**RESPONSE:**

26. All documents regarding all other claims being currently made against Defendant's insurance policies for the Incident in Question other than by this Plaintiff.

**RESPONSE:**

27. Any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives, agents, or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

    a.     The Incident in Question;
    b.     Plaintiff's damages;
    c.     The presentation of any testimony;
    d.     Whether or how to conduct any cross-examination;
    e.     The performance of discovery; and/or
    f.     The presentation of any defense, excuse, or inferential rebuttal.

**RESPONSE:**

28. Copies of any document or statement that any witness of Defendant will use or you anticipate may use to refresh his or her memory, either for deposition or trial.

**RESPONSE:**

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

29. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at trial.

**RESPONSE:**

30. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at trial of this case, but which may be used as demonstrative evidence at trial.

**RESPONSE:**

31. Any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of relevant facts named in discovery information provided by or to you before trial. Please include the name of the person convicted, the offense for which he or she was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

**RESPONSE:**

32. Any and all calendars, journals, diaries, logs, or notes kept by Defendant covering the month of the Incident in Questions.

**RESPONSE:**

33. All documents regarding Plaintiff's employment history, status, performance, or compensation obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

**RESPONSE:**

34. All documents regarding Plaintiff's medical status, treatment or history obtained by Defendant via an authorization by Plaintiff, subpoena, deposition on written questions, or otherwise.

**RESPONSE:**

35. All documents regarding Plaintiff's financial status, earning history, and tax payment history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

**RESPONSE:**

36. All documents regarding Plaintiff's claim history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

**RESPONSE:**

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

37. All documents, records, reports, notations, or memoranda regarding the Plaintiff from persons or entities that compile claim information, to include but not limited to, insurance claims, unemployment claims, social security claims, and worker's compensation claims.

    **RESPONSE:**

38. All statements or documents that show the identity of any witness to the incident in Question, or any person with knowledge of relevant facts concerning the Incident in Question, the events leading up to it, or any damage sustained by Plaintiff.

    **RESPONSE:**

39. All document and tangible things which support your contention that:

    a. Any act or omission on the part of Plaintiff caused or contributed to the Incident in Question;
    b. Any factor, other than a. above, contributed to or was the sole cause of the Incident in Question, including but not limited to, acts or omissions of negligence of any other party or parties, or parties, or potential third-parties third-parity Defendants, sudden emergency, unavoidable accident, mechanical defect, or act of God;
    c. Any factor caused or contributed to the Plaintiff's damages, including but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of the Plaintiff;
    d. Any or all the medical expenses incurred by Plaintiff for treatment of injuries allegedly resulting from the Incident in Question were not reasonable and/or necessary;
    e. Plaintiff's injuries, if any, were not the result of or caused by the Incident in Question.

    **RESPONSE:**

40. The architectural plans and drawings for the Premises in Question, specifically with respect to the location where the Plaintiff was injured.

    **RESPONSE:**

41. Any contracts between the owner and/or former owners and contractor who constructed the Premises in Question.

    **RESPONSE:**

42. Any contracts between the owner and the manager or managing entity at the time of the Plaintiff's injury, and for the year immediately preceding Plaintiff's injury.
    **RESPONSE:**

43. Any contract between the owner and any other person or entity responsible for caring for, maintaining or cleaning the premises at the time of Plaintiff's injuries.

    **RESPONSE:**

Electronically Submitt
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

44. All documents evidencing ownership or occupancy rights to the Premises in Question for the time of the Incident in Question.

   **RESPONSE:**

45. A copy of any legal documents that document Defendant's status as a corporation, partnership, sole proprietorship or joint venture.

   **RESPONSE:**

46. Any joint venture agreement between the parties or between any party to this suit and any non-party regarding the ownership, operation, repair, maintenance, cleaning or otherwise service of or for the Premises in Question.

   **RESPONSE:**

47. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, inspection, repair, cleaning and service of the Premises in Question that were in existence at the time of the Incident in Question.

   **RESPONSE:**

48. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, inspection, repair, cleaning and service of the Premises in Question that are in existence currently.

   **RESPONSE:**

49. Any and all photographs that Defendant has of any equipment, item, or movable property that was at the scene of the incident in question but has since been relocated.

   **RESPONSE:**

50. All of your materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees to ensure the safety of other that were in effect at the time of the Incident in Question. This includes, but is not limited to, any training films and/or videotapes used by Defendant concerning previous incidents or the Incident in Question.
   **RESPONSE:**

51. All of your materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees to ensure the safety of others that are in effect currently. This includes, but is not limited to, any training films and/or videotapes used by Defendant concerning previous incidents or the Incident in Question.

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

**RESPONSE:**

52. Personnel files or any other documents reflecting the name, address, and/or phone number of all Defendant's employees, independent contractors, agents, or representatives working on the Premises in Question on the date of the Incident in Question.

**RESPONSE:**

53. Any documents regarding maintenance of the Premises in Question from six months before the Incident in Question through the day of the Incident in Question.

**RESPONSE:**

54. Any documents regarding inspections of the Premises in Question from six months before the Incident in Question through the day of the Incident in Question.

**RESPONSE:**

55. Any documents or plans indicating subsequent remedial measures anticipated or undertaken at the Premises since the Incident in Question.

**RESPONSE:**

56. All documents indicating the charges or costs for subsequent remedial measures anticipated or undertaken at the Premises since the Incident in Question.

**RESPONSE:**

57. All documents, reports, videotapes, photographs, or statements regarding any other Incident involving injury to another from tripping/slipping and falling in the same area on the Premises in Question from five years before the Incident in Question to present.

**RESPONSE:**

58. Any document memorializing any relationship between Defendant and any other party to this lawsuit.

**RESPONSE:**

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

**EXHIBIT "C"**

**PLAINTIFF'S REQUEST FOR
ADMISSIONS TO DEFENDANT WAL-MART ASSOCIATES, INC.**

This discovery request is continuing in nature.  If you obtain information upon the basis of which you know that the response was incorrect or incomplete when made or is no longer true and complete, you must supplement your response in accordance with Tex. R. Civ. P. 193.

**DEFINITIONS**

The following definitions are applicable to each of the following items unless specifically negated by the context:

1.   "WAL-MART ASSOCIATES, INC.", "Defendant", "you", or "your" shall refer to Defendant WAL-MART ASSOCIATES, INC..

   2.      "Plaintiff" shall refer to Plaintiff RAMIRO TORRES VARGAS.

3.   "Premises" or "Premises in Question" means and refers to the property located at 1421 Frontage Rd., Alamo, Texas 78516.

4.   "Incident" or "Incident in Question" means and refers to the incident referred in Plaintiff's Original Petition.

5.   "Condition" means and refers to the substance on the floor on which the Plaintiff fell.

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

CL-20-4037-H

**REQUEST FOR ADMISSION TO DEFENDANT WAL-MART ASSOCIATES, INC.**

1. WAL-MART ASSOCIATES, INC. as forth in Plaintiff's Original Petition, is the correct name of the Defendant.

   **RESPONSE:**

2. Admit that Defendant owned the Premises at the time of the Incident in Question.

   **RESPONSE:**

3. Admit that Defendant leased the Premises at the time of the Incident in Question.

   **RESPONSE:**

4. Admit that Defendant was operating a business on the Premises at the time of the Incident in Question.

   **RESPONSE:**

5. Admit that Defendant was in control of the Premises at the time of the Incident in Question.

   **RESPONSE:**

6. Admit that Defendant was responsible for maintaining the floors where the Condition exited at the time of the Incident in Question.

   **RESPONSE:**

7. Admit that Defendant was responsible for maintaining the equipment in the area where the incident in question occurred.

   **RESPONSE:**

8. Admit that it was within the power of the Defendant to correct the condition prior to Plaintiff's fall.

   **RESPONSE:**

9. Admit that Defendant inspected the Condition prior to Plaintiff's fall.

   **RESPONSE:**

10. Admit that Plaintiff was an invitee on the Premises at the time of the Incident in Question.

    **RESPONSE:**

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonza

**CL-20-4037-H**

11. Admit the Condition was an unreasonably dangerous condition on the Premises at the time of the Incident in Question.

**RESPONSE:**

12. Admit the Condition was allowed to exist by Defendant on the premises.

**RESPONSE:**

13. Admit that Defendant knew or should have known of the Condition on the Premises at the time of the Incident in Question.

**RESPONSE:**

14. Admit that Defendant had a duty to use reasonable care to reduce, eliminate or warn of the Condition on the Premises at the time of the Incident in Question.

**RESPONSE:**

15. Admit that Defendant did not use reasonable care to reduce, eliminate or warn of the Condition on the Premises at the time of the Incident in Question.

**RESPONSE:**

16. Admit the Condition on the Premises at the time of the Incident in Question was a proximate cause of Plaintiff's damages.

**RESPONSE:**

17. Admit that Defendant's failure to use reasonable care in reducing, eliminating, or warning of the Condition on the Premises at the time of the Incident Question was a proximate cause of the Plaintiff's damages.

**RESPONSE:**

18. Admit that Defendant failed to use reasonable care in hiring employees capable of recognizing, correcting, and warning of dangerous conditions.

**RESPONSE:**

19. Admit that Defendant failed to use reasonable care in training its employees to recognize, correct, and warn of dangerous conditions.

**RESPONSE:**

Electronically Submit
11/3/2020 11:20 ,
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

20. Admit that Defendant failed to use reasonable care in supervising its employees to ensure they recognize, correct, and warn of dangerous conditions.

   **RESPONSE:**

21. Admit that Defendant failed to use reasonable care in terminating its employees who were incapable of recognizing, correcting, and warning of dangerous conditions.

   **RESPONSE:**

22. Admit Plaintiff suffered physical injuries as a result of the Incident in Question.

   **RESPONSE:**

23. Admit Plaintiff suffered mental anxiety as result of the Incident in Question.

   **RESPONSE:**

24. Admit Plaintiff will suffer mental anxiety in the future as a result of the Incident in Question.

   **RESPONSE:**

25. Admit Plaintiff incurred medical expenses as a result of the Incident in Question.

   **RESPONSE:**

26. Admit Plaintiff will continue to incur medical expenses as a result of the Incident in Question.

   **RESPONSE:**

27. Admit Plaintiff incurred lost wages in the past as a result of the Incident in Question.

   **RESPONSE:**

28. Admit Plaintiff will incur loss of earning capacity in the future as a result of the Incident in Question.

   **RESPONSE:**

29. Admit Plaintiff suffered physical disfigurement as a result of the Incident in Question.

   **RESPONSE:**

30. Admit Plaintiff will suffer physical disfigurement in the future as a result of the Incident in Question.

Electronically Submit
11/3/2020 11:20 /
Hidalgo County Cl
Accepted by: Oscar Gonzal

**CL-20-4037-H**

**RESPONSE:**

31. Admit Plaintiff suffered physical impairment as a result of the Incident in Question.

    **RESPONSE:**

32. Admit Plaintiff will suffer physical impairment in the future as a result of the Incident in Question.

    **RESPONSE:**

33. Admit Plaintiff endured pain and suffering as a result of the Incident in Question.

    **RESPONSE:**

34. Admit Plaintiff will continue to endure pain and suffering as a result of the Incident in Question.

    **RESPONSE:**

35. Admit Plaintiff acted with ordinary care at the time of the Incident in Question.

    **RESPONSE:**

36. Defendant is responsible for the actions of its employees regarding the failure to repair the condition.

    **RESPONSE:**

37. The Defendant had actual knowledge of the Condition prior to the Incident in Question.

    **RESPONSE:**

38. The Defendant took no effort to warn or protect Plaintiff from the Condition.

    **RESPONSE:**